**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Paul Olmos, | No. CV-19-08036-PCT-GMS (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Well Path, et al., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 97) issued by Magistrate Judge James F. Metcalf recommending that this Court deny Plaintiff Timothy Olmos's Motion to Amend Complaint (Doc. 55). Plaintiff timely objected to the R&R. (Doc. 102.) For the following reasons the R&R is rejected in part and adopted in part and Plaintiff's Motion to Amend will be granted in part and denied in part.

## BACKGROUND

The Plaintiff had no objection to the factual and procedural background in the R&R. (Doc. 97 at 1-5.). Thus, the Court need not detail that history here. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection.").

In pertinent part, Plaintiff originally filed a complaint against Well Path LLC ("Well Path"), Clayborn Taylor, Crystal Bitz, and Arizona Department of Corrections Director Charles Ryan ("Ryan") asserting claims for (1) violating his Fifth Amendment

rights, (2) violating his Fourteenth Amendment rights, and (3) denying him his right to dental care. On screening, the Court ordered Ryan to answer Counts I and II and ordered Well Path and Taylor to answer the Eighth Amendment claims in Count III. Defendant Bitz and the state law portions of Count III were dismissed for various deficiencies, including a lack of allegations to support supplemental jurisdiction.

Defendants have since been served and answered. Defendant Well Path has filed a Motion for Summary Judgment based on Plaintiff's failure to exhaust administrative remedies. After the dispositive motion was filed, Plaintiff attempted to amend his complaint to replead the state law claim within Count III that was dismissed at screening and to add a fourth count alleging deprivation of property in violation of the Fifth Amendment against Defendant Ryan. The amendment was denied without prejudice for failure to comply with LRCiv 15.1. Plaintiff later filed the instant Motion to Amend to incorporate the previously attempted amendments. After Well Path responded to the instant motion, Plaintiff filed a Notice of Errata further amending the proposed complaint. Additional briefing was ordered to respond to the amendments incorporated by the Notice of Errata. As a result, the magistrate judge deemed the Motion to Amend and proposed amended complaint to be modified by the Notice of Errata. In reviewing the R&R and Motion to Amend, this Court will similarly consider the proposed amended complaint as modified by the Notice of Errata and each of the briefs submitted in response to the Motion.

As amended, the proposed complaint includes the following amendments: (1) Defendant Ryan is named in his official capacity[1]; (2) dismissed Defendant Bitz; (3) various terminology modifications to Counts I, II, and III with no substantive effect; (4) Count III now includes common law claims of negligence and "rendition" and the failure to train Eight Amendment claim is deleted; (5) the supplemental jurisdiction statute is cited; and (6) Count IV, asserting a takings claim based upon the taking of a portion of Plaintiff's

---

[1] In his proposed amendment, Plaintiff adds claims against Ryan in his official capacity. Because Defendant Ryan is no longer the Arizona Department of Corrections Director, his successor Director David Shinn is automatically substituted as Defendant with respect to claims against the Director in his official capacity. *See* Fed. R. Civ. P. 25(d). Defendant Ryan remains a defendant for the individual capacity claims.

inmate trust funds for the repair of ADOC buildings and infrastructure is added.

The magistrate judge recommends the Motion to Amend be denied because it was made as a bad faith attempt to avoid summary judgment and will prejudice Defendants Well Path and Taylor. Plaintiff objects to these findings and the magistrate judge's reasoning that Plaintiff's state law claim lacks a common nucleus of operative facts with his federal claims to support supplemental jurisdiction.

## DISCUSSION

### I.      Standard of Review

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Arn*, 474 U.S. at 141; *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

### II.     Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that the "court should freely give leave [to amend] when justice so requires." "In assessing the propriety of a motion for leave to amend, we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

#### A.      Bad Faith

Plaintiff objects to the magistrate judge's conclusion that the Motion to Amend was filed as a bad faith attempt to evade summary judgment. "In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or

disrupt. . . . '[B]ad faith' means more than acting with bad judgment or negligence, but rather it implies the conscious doing of wrong because of dishonest purpose or moral obliquity . . ." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, at *651 (W.D. Wash. 2015) (internal quotations and citations omitted). When considering if bad faith favors denying leave to amend, "the court must indulge all inferences in favor of allowing amendment and must therefore impute benign motives to [Plaintiff] where . . . it is plausible to do so." *Id.* (citing *Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877, 880 (9th Cir. 1999)).

Here, Defendants argue that Plaintiff's proposed amendment is an attempt to gain the benefit of escaping the exhaustion requirement under *Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017). In *Jackson*, the Ninth Circuit concluded that the exhaustion requirement under the Prison Litigation Reform Act (42 U.S.C. § 1997e(a)) is determined at the time of the filing of the operative complaint, not an action, and thus a prisoner who first raises unexhausted claims while incarcerated, but is subsequently granted leave to file an amended complaint for damages after his release from prison, is not subject to the exhaustion requirement. *Jackson*, 870 F.3d at 935 ("Exhaustion requirements apply based on when a plaintiff files the operative complaint, in accordance with the Federal Rules of Civil Procedure."). Thus, the amendment, if permitted, allows Plaintiff to escape potential summary judgment for failure to exhaust his administrative remedies. Notably, Plaintiff cannot file a new action, as opposed to amendment, because Plaintiff's current claims would be barred by the statute of limitations.

Defendants argue that the timing of Plaintiff's attempt to add de minimus claims to his complaint supports an inference of bad faith. Plaintiff filed this action the day before the statute of limitations would have barred his claims. At the time the action was filed, Plaintiff knew he was going to be released from prison just months later. Defendants contend that Plaintiff waited to bring this action until the last possible moment in hopes of later amending his complaint to invoke *Jackson* after he was released.  Defendants support this theory by pointing to Plaintiff's attempt to amend his complaint shortly after he was

released from prison and directly following Defendant Well Path and Taylor's motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Defendants also point to the nature of the proposed amendments as evidence of Plaintiff's bad faith. For example, Plaintiff's proposed takings claim, of which he has long been aware, warrants a reward of less than $15.00 if Plaintiff prevails. Plaintiff also proposes to amend his complaint to include Defendant Ryan in his official capacity, in addition to his individual capacity. While this amendment would entitle Plaintiff to declaratory relief, Plaintiff is no longer in prison, so any declaratory relief obtained would no longer impact him. Moreover, the majority of the other amendments in the proposed complaint are superficial and do nothing to add to the substance of the action.

Plaintiff does not dispute the objective description of his conduct, and the inference of subjective bad faith that Defendants and the magistrate judge draw from Plaintiff's actions is not unfair. But it is not the only inference capable of being drawn from these facts. In his objection, Plaintiff offers an alternative explanation for the amendment. He asserts that reviving the state law portion of Count III will "provide a simplified path to victory" because "it does not require him to make a subjective showing in the manner that is required by an Eighth Amendment analysis." (Doc. 102 at 8.) Plaintiff further suggests that adding the takings claim, which is not subject to a statute of limitations defense if the amendment is denied, relieves him of an additional filing fee and relieves the Court of a separate action. Moreover, Plaintiff believes "declaratory relief will stop the director from continuing his illegal action . . . for the existence of a declaratory judgment would serve to make it easy for an inmate to successfully sue him." *Id.* These proffered motives are not so absurd as to be rejected out of hand, particularly considering Plaintiff's pro se status. Moreover, in addition to seeking leave to amend, Plaintiff responded to the summary judgment on the merits and asserted that administrative remedies were not available to him. Plaintiff claims to believe that his defense has merit and his exercise of *Jackson* is purely academic.

/ / /

1    While the Court remains dubious of Plaintiff's subjective intent in seeking the

2    amendment, and it understands why Defendants and the magistrate judge draw inferences

3    of bad faith, the Court cannot deny the motion to amend on bad faith grounds where

4    Plaintiff's alternative explanations of his subjective intent are at least plausible. *See*

5    *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.,* 355 F. Supp. 3d 785, 793 (D. Minn. 2019)

6    (declining to deny a motion to amend on grounds of bad faith where counsel's actions were

7    suspect and reasonably gave rise to an inference of bad faith, but counsel's alternative

8    explanation of its conduct was plausible) (citing *Wizards of the Coast*, 309 F.R.D. at 651).

9    **B.    Prejudice**

10   Plaintiff further objects to the magistrate judge's conclusion that prejudice would

11   result to Defendants Well Path and Taylor from the proposed amendment because it would

12   "greatly expand the relevant issues and discovery in Count III" and "unfairly eviscerate

13   Defendants' exhaustion defense." (Doc. 97 at 7.) With respect to the expansion of

14   discovery, there is no evidence that the discovery deadlines would have to be extended as

15   a result of the amendment because discovery concerning Defendants Well Path and Taylor

16   has been stayed pending the resolution of the motion for summary judgment—no discovery

17   requests have been submitted or answered. As a result, this Court is not persuaded that

18   expanding the scope of discovery is sufficiently prejudicial to deny the amendment.

19   *Oushana v. Lowe's Home Centers, LLC*, No. 116CV01782AWISAB, 2017 WL 2417198,

20   at *2 (E.D. Cal. June 5, 2017) (explaining that "the added expense of conducting discovery

21   regarding valid claims in inherent in litigation and not a basis for denial of a motion to

22   amend").

23   Defendants will suffer some prejudice as a result of the amendment by having to

24   reassess its dispositive arguments as the proposed amendment renders the fully briefed

25   Motion for Summary Judgment moot. This prejudice, however, is mitigated by the fact that

26   the parties will have a full and fair opportunity to conduct discovery in this action.

27   Moreover, by Defendants Well Path and Taylor's own admission, most of the amendments

28   do little to add to the substance of the action. The Court recognizes that prejudice to the

opposing party carries the greatest weight when considering whether an amendment is appropriate. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Defendants, however, have simply failed to satisfy their burden of demonstrating "undue difficulty" or an "unfair disadvantage" sufficient to overcome the federal policy of freely granting leave to amend. *C.f. id.* (finding severe prejudice would result from an amendment where it would require re-litigation on indemnification and additional discovery on new legal theories).

Defendant Ryan, however, is subject to different circumstances in the present action. His deadline for discovery requests has passed. Moreover, Plaintiff previously litigated an action against Defendant Ryan involving the trust account at issue in proposed Count IV. Plaintiff and Defendant Ryan conducted extensive discovery in that matter. Thus, unlike Defendants Well Path and Taylor who have not yet begun discovery, Defendants Ryan and Shinn will be unfairly required to reopen discovery on a new unrelated legal issue that Plaintiff could have raised in an earlier action. Thus, Defendant Ryan has established substantial prejudice will result from adding Count IV to the present action.

## C.    Futility

Lastly, Plaintiff seems to object to the R&R's alleged finding that the proposed common law rendition claim does not share a common nucleus of operative fact with the existing Eighth Amendment claim sufficient to warrant supplemental jurisdiction. This objection, however, is misplaced because the R&R does not make such a recommendation. The R&R merely describes the grounds on which the common law claims were originally dismissed at the screening stage—one such basis was a lack of allegations sufficient to establish supplemental jurisdiction. The R&R goes on to suggest that the amendment to reinstate the state law claim "may be arguably futile, inasmuch" as the amendment continues to lack sufficient factual allegations to establish supplemental jurisdiction, but ultimately concludes that the amendment "as a whole" is not futile. (Doc. 97 at 15.) Because Plaintiff's objection is rooted in a recommendation that is not present in the R&R,

the objection is overruled.

## CONCLUSION

Plaintiff is not permitted to add Count IV because it will result in substantial prejudice to Defendant Ryan. However, because the Court is required to impute every inference in favor of benign motives and Defendants Well Path and Taylor will not be overly prejudiced by prolonged or additional discovery in light of the stay currently in place, Plaintiff is permitted to make the remaining amendments.

**IT IS HEREBY ORDERED** that the R&R (Doc. 97) is **REJECTED** in part and **ADOPTED** in part, as follows:

1.      Plaintiff's Motion to Amend was not made in bad faith.

2.      Plaintiff's proposed amendment will not result in substantial prejudice to Defendant Well Path or Defendant Taylor.

3.      Plaintiff's proposed amendment will not result in substantial prejudice to Defendant Ryan.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 55) is **GRANTED** in part and **DENIED** in part. The proposed amendment is permitted except for the allegations adding Count IV.  Plaintiff shall file his amended complaint within fourteen (14) days of the date of this Order.

Dated this 21st day of July, 2020.

G. Murray Snow
Chief United States District Judge

- 8 -