**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Paul Olmos,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Well Path, et al.,<br><br>　　　　Defendants. | No. CV-19-08036-PCT-GMS (JFM)<br><br>**ORDER** |

　　　　Pending before the Court is Defendants Well Path, LLC and Clayborn Taylor ("Defendants")' Motion for Reconsideration of Order Overruling Magistrate Judge's Report and Recommendation. (Doc. 122.) Defendants Ryan and Shinn join in the Motion. (Doc. 127.) The Motion is denied.

　　　　Motions for reconsideration are disfavored and will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio,* No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925–26 (9th Cir. 1988).

　　　　This Court declined to adopt the portion of the Magistrate Judge's Report and Recommendation that denied Plaintiff leave to amend his complaint with respect to the

claims asserted against Defendants because the Court found that there was no basis to overcome the liberal policy of granting leave to amend on the facts presented. Defendants now ask the Court to reconsider its Order asserting that the proposed amendments "add nothing of substance" to Plaintiff's claims. (Doc. 122 at 4.) Defendants Ryan and Shinn add that the Court's prior order "essentially provides a roadmap to released inmates with § 1983 cases who are facing dispositive motions for failure to exhaust their administrative remedies under the Prison Litigation Reform Act ("PLRA")." (Doc. 127 at 1.) The Defendants, however, acknowledge that the Ninth Circuit's decision in *Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017) renders the PLRA exhaustion defense inapplicable when the plaintiff's operative complaint is filed after his or her release from prison. Defendants have made no showing of manifest error or new facts or authority. They are instead asking the Court to rethink its analysis, which is not a basis for reconsideration. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Well Path, LLC and Clayborn Taylor's Motion for Reconsideration of Order Overruling Magistrate Judge's Report and Recommendation (Doc. 122), joined by Defendants Ryan and Shinn (Doc. 127), is **DENIED**.

Dated this 6th day of August, 2020.

G. Murray Snow
Chief United States District Judge